By . the . Qourt :
Section 527 of the code provides that, ■“when a judgment or final order is reversed, the plaintiff' in error shall recover his costs, and when reversed in part .and affirmed in part, costs shall be equally divided between the parties.”
The question is whether, under this section, the judgment is to be regarded as affirmed in part and reversed in part, or as being wholly reversed.
A similar provision to that cited above from the code is found in section 107 of the Practice Act of 1831 (29 Ohio L. 58; Swan’s Stat. 681).
In Williams v. Cutting (2 Ld. Raym. 825), it was held that “if an entire judgment is given for damages upon .several counts, and one of the counts is ill, the judgment •shall be reversed in toto, though the jury found several damages upon each count.”
But the rule recognized in subsequent cases is to the •effect that where judgment is given upon two counts of the ■declaration, one of which, is bad, the court may reverse it *435 as to that count, and affirm it as to the other count, if several damages are assessed upon each count. 2 Tidd’s Prac. * p. 1179; Bellew v. Aylmer, 1 Str. 188; Everard v. Patterson, 6 Taunt. 645; s. c. 2 Marsh, 304, 308.
In the present case, the record shows the amount found •due on each of the causes of action set forth in the petition. The amount assessed on each cause of action, and carried into the judgment can be separated, and the judgment reversed as to the first cause of action stated in the petition, •and affirmed as to the second.
.The plaintiffs, by their petition in error, assigned errors as •to both causes of action, and sought the reversal of the entire judgment. In such case, where the judgment is divisible, it may be reversed in so far as it is erroneous, and affirmed .as to the residue; and the costs on error should be equally ■divided between the parties.
When, however, the judgment is divisible, and a reversal is asked only of so much as is erroneous, whether the plaintiff in error should not recover his costs on error, ■quaere.